IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GWENDOLYN M. DANIEL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:18-cv-1868 |
| | § | JURY |
| U.T. SOUTHWESTERN HEALTH SYSTEMS | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Gwendolyn M. Daniel, complaining of Defendants, U.T. Southwestern Health Systems and UT Southwestern Medical Center, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.  Plaintiff, Gwendolyn Daniel, is a citizen of the United States and the State of Texas and resides in Denton County, Texas.

2.  Defendant, U.T. Southwestern, is a Texas Nonprofit corporation with its principal office in Dallas, Dallas County Texas, and may be served with process by serving its registered agent: CT Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3.  Defendant, UT Southwestern Medical Center, is a State Agency located in Dallas County, Texas, and may be served under Rule 4(j) (2) of the Federal Rules of Civil Procedure by serving its CEO, Daniel K. Podolsky, M.D., at the Office of the President,

University of Texas Southwestern Medical Center, or an owner, director or officer of the corporation or anyone else authorized to accept service at: 5323 Harry Hines Blvd., Dallas, Texas 75390 and by delivering a copy of this complaint and summons to the Office of the Attorney General, P. O. Box 12548, Austin, Texas 78711- 2548.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit pursuant to 28 USCS § 1331 because the action arises under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and the ADA Amendments Act of 2008.

5. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## NATURE OF ACTION

6. This action is brought under to correct discrimination and retaliation in violation of the Americans With Disabilities Act and the ADA Amendments Act of 2008. (ADA).

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination in violation of the ADA was filed with the Equal Employment Opportunity Commission within 300 days of the acts complained of herein. Plaintiff's Complaint is filed within 90 days of Plaintiff's receipt of the Department of Justice's April 23, 2018 dismissal and notice of right to sue letter.

## FACTS

8. Plaintiff, Gwendolyn M. Daniel ("Ms. Daniel"), was employed by Defendant, UT Southwestern Medical Center ("Defendant" or "U.T. Southwestern").

9. Ms. Daniel was employed beginning in March 2012 at St. Paul's/UTSW Hospital as a contract travel R.N. in the MSICU medical surgical intensive care unit.

10. On September 17, 2012, Ms. Daniel was hired as full-time RN in MSICU. John CHRIS Davis was the manager.

11. Ms. Daniel had good annual evaluations and was awarded the imPACT GOLD status the first full two years there. She was silver level the first two months working there full-time. These awards are based upon "imPACT" cards filled out by patients and co-workers, to any hospital employee to thank them for going above and beyond. If Defendant would have counted all the cards that first year before Ms. Daniel made full-time she would have been a Gold imPACT winner then, as well, making all three years of employment as GOLD imPACT employee.

12. Ms. Daniel suffers from a disability as defined under the ADA and ADAAA.

13. Ms. Daniel was subjected to continuing harassment, discipline and constructive discharge by Defendant because of her disability.

14. For example, Ms. Daniel received unjust write-ups, including a write-up for using her phone at work even though other employees did the same and surfed the internet on the job. Ms. Daniel was also given extra patient loads more frequently than other RNs. Ms. Daniel was assigned difficult patients and her requests for help with difficult patients were ignored by Nurse Managers, even when one patient was shouting and attempting to slap her.

15. Ms. Daniel reported to Human Resources that she had a disability. In January 2014, she also reported the work environment as hostile and that it negatively impacted her disability. She requested a switch in managers.

16. Approximately a month later, she was unjustly reprimanded for taking a call from her son.

17. Ms. Daniel requested a transfer in the Spring of 2015 to the hemodialysis unit (where she had been temporarily assigned) but was told she had too many anecdotal notes in her file with complaints about her. She was not allowed to transfer, and instead, was sent to classes to learn how to cope with working with others.

18. In approximately April 2015, Ms. Daniel was assigned to a particular patient. The shift was chaotic, for reasons not the fault of Ms. Daniel, and she inadvertently made an error. This was not a type of error that would inflict any harm or complications for the patient and is typically categorized as a "medication error." Ms. Daniel did immediately report the error.

19. Her supervisor was aware that Ms. Daniel was very distraught over it. She requested to go home but was told there was not enough qualified staff that night.

20. The supervisor, Autumn Webb, gave Ms. Daniel an EAP counseling referral just a few hours before she left her shift. Ms. Webb knew of Ms. Daniel's disability, having recently changed the schedule for May 28, 2015 to be off work as that was the anniversary of Ms. Daniel's son's death. On May 28, 2014, she and another nurse took Ms. Daniel to breakfast after work, to cheer her up. Ms. Daniel had discussed her son's death with her many times and the emotional toll it had taken.

21.     Ms. Daniel was unjustly counselled over another alleged patient issue in June 2015.

22.     On July 2, 2015, Ms. Daniel was told to resign or be fired. Ms. Daniel was coerced into putting in her resignation on the day she returned from a family vacation. The current interim director, Ruben Castillo, and Deshonna Taylor RN insisted they "just don't like your employee file. It's not any one thing, it's all the things together." This stated reason was false and pretextual.

23.     Daniel was told if she resigned the incidents would not be reported in her file, if she chose to be terminated, it would be reported. Based on this representation, and knowing that Defendant wanted her out and that she would be terminated, she submitted her resignation. This constructive discharge was because of her disability.

24.     After Ms. Daniel was forced to resign, Defendant has retaliated by referring her to the Texas Nurses Association for peer review which required her to go to someone on their approved list for an evaluation of her mental health and ability to work as a nurse.

25.     Defendant also fought against Ms. Daniel receiving TWC benefits, making up false allegations of why she was not entitled.

26.     Also, in direct contradiction to its representation, Ms. Daniel was reported by Defendant to the Texas Board or Nurses, who suspended Ms. Daniel's nursing license (pending investigation). Ms. Daniel had to retain an attorney to handle that matter to have her nursing license reinstated.

27.     In March 2016, Ms. Daniel filed a charge of disability discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission.

28.     On October 26, 2017, the Texas Board of Nursing entered an order restoring Daniel's nursing license upon completion of remedial education courses and payment of a fine, which she has fully complied with.  Regardless, Defendant continues to give her a retaliatory negative employment reference, including a negative reference in approximately January 2018.

29.     Daniel has suffered economic and compensatory damages as a result of Defendant's unlawful conduct, including lost wages and mental anguish.

30.     Defendant's conduct described above was done with malice and reckless disregard for Daniel's federally protected rights.

## COUNT 1: DISCRIMINATION and RETALIATION UNDER THE ADA

31.     Plaintiff incorporates the above facts as set forth in the preceding paragraphs.

32.     Defendants subjected Plaintiff to discrimination based on her disability by harassing her, constructively discharging her and denying her reasonable accommodations for her disability violation of Americans With Disabilities Act, 42 U.S.C. 12112(a) and 12112(b)(5)(A) and the ADA Amendments Act of 2008.

33.     Plaintiff was also subjected to a hostile work environment based on her disability. Plaintiff was repeatedly subjected to unwelcome harassment based on her disability. The harassment affected a term, condition, or privilege of employment and Defendant knew or should have known of the harassment in question and failed to take prompt remedial action. Such conduct violates the Americans With Disabilities Act.

34.     Defendant further retaliated against Plaintiff for filing complaints of disability discrimination in violation of the Americans With Disabilities Act.

35. Defendant engaged in discriminatory and retaliatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff, within the meaning of Section 1981a(b)(1) of Title 42 of the United States Code.

**DAMAGES**

36. Plaintiff sustained and seeks the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. Back pay from the date of her termination;

   b. Front pay;

   c. Lost benefits (past and future);

   d. Mental anguish damages (past and future) and other compensatory damages as permitted by law;

   e. Punitive damages as permitted by law;

   f. Reinstatement to employment;

   g. Equitable relief as may be appropriate

   h. Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

   i. Reasonable and necessary fees and other costs incurred in pursuit of this suit as permitted by law;

   j. Pre-judgment interest (and post-judgment interest if any) as permitted by law;

   k. Further relief that this court may deem just, proper and equitable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Gwendolyn Daniel, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## **JURY DEMAND**

Plaintiff respectfully requests a jury trial.

Respectfully submitted,

Albin Roach, PLLC

By:/s/ Laura E. Calhoun
Laura E. Calhoun – Lead Counsel
Texas Bar No. 06342400
Email:  lcalhoun@albinroach.com
Baleigh Walker
Texas Bar No. 24098566
Email:  bwalker@albinroach.com
John Mongogna
Texas Bar No. 240026727
E-mail:  jmongogna@albinroach.com
5665 Dallas Parkway, Suite 200
Frisco, TX 75034
Tel. (214) 423-5100
Fax. (214) 423-5111

**ATTORNEYS FOR PLAINTIFF
GWENDOLYN DANIEL**