UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GWENDOLYN M. DANIEL | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:18-CV-1868-G |
| U.T. SOUTHWESTERN MEDICAL CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the defendant U.T. Southwestern Medical Center ("UTSMC")'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Motion to Dismiss (docket entry 11). In this motion, UTSMC argues that the court should dismiss the plaintiff Gwendolyn Daniel's complaint because her claims are barred by Eleventh Amendment immunity. *Id.*; see also Defendant's Brief in Support (docket entry 12). In particular, UTSMC avers that it is an arm of the state of Texas entitled to Eleventh Amendment immunity and that the plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, are barred by such immunity because neither Title I nor Title V of the ADA abrogates a state's immunity from suit. *See* Defendant's Brief in Support at 4-7.

Daniel filed a response to UTSMC's motion to dismiss in which she contends that UTSMC's motion should be denied because UTSMC is not an arm of the state of Texas. *See* Response (docket entry 15). Specifically, Daniel argues that an application of the Fifth Circuit's test for determining whether an entity is classified as an arm of the state, as set forth in *Clark v. Tarrant County, Texas*, 798 F.2d 736, 744-45 (5th Cir. 1986), would reveal that UTSMC is not an arm of the state. *See* Plaintiff's Brief in Support of Response (docket entry 16) at 4-13. Moreover, Daniel asserts that if the court were to alternatively apply the Fifth Circuit's test for assessing whether a public university qualifies for Eleventh Amendment immunity, the court would reach the same conclusion. *Id*. at 14-16. Importantly, however, Daniel does not argue that either Title I or Title V of the ADA abrogates a state's Eleventh Amendment immunity. *See generally* Response; Plaintiff's Brief in Support of Response.[*]

After reviewing the arguments raised by both parties, the court concludes that UTSMC's motion to dismiss should be **GRANTED**. Despite Daniel's arguments to the contrary, it is well settled that UTSMC is an arm of the state of Texas. See, e.g.,

---

[*] Daniel also dedicates a portion of her brief to arguing that she is entitled to punitive damages under the ADA. *See* Plaintiff's Brief in Support of Response at 16-17. Nevertheless, as explained in the body of the court's opinion, because the court concludes that Daniel's complaint should be dismissed as barred by Eleventh Amendment immunity, the court need not address Daniel's arguments on this point.

*Elhaj-Chehade v. Office of Chief Administrative Hearing Officer*, 235 F.3d 1339 (Table), 2000 WL 1672679, at *1 (5th Cir. 2000) (per curiam) (unpublished table decision) ("[University of Texas Southwestern Medical] is an arm of the State."), *cert. denied*, 532 U.S. 1055 (2001); *Shah v. University of Texas Southwestern Medical School*, 54 F. Supp. 3d 681, 689 (N.D. Tex. 2014) (Fitzwater, Chief J.) (dismissing a number of the plaintiff's claims, including claims under the ADA, after concluding that the University of Texas Southwestern Medical School was an arm of the state and that its Eleventh Amendment immunity had not been abrogated); *Mora v. University of Texas*, No. 3:09-CV-0927-N, 2009 WL 10673780, at *1 (N.D. Tex. Oct. 26, 2009) (Godbey, J.) ("UT Southwestern is an arm of the state entitled to raise a sovereign immunity defense."); *Keithly v. University of Texas Southwestern Medical Center at Dallas*, No. 3:03-CV-0452-L, 2003 WL 22862798, at *2 (N.D. Tex. Nov. 18, 2003) (Ramirez, Magistrate J.) (concluding that UTSMC is an arm of the state of Texas and that the plaintiff's claims under the ADA are barred by the Eleventh Amendment); *Minor v. University of Texas Southwestern Medical Center*, 2012 WL 1666465, at *2 (N.D. Tex. Apr. 17, 2012) (Stickney, Magistrate J.) ("It is equally clear that U.T. Southwestern is an arm or instrumentality of the State of Texas for Eleventh Amendment purposes."), *report and recommendation adopted*, No. 3:12-CV-36, 2012 WL 1655769 (N.D. Tex. May 10, 2012) (Fish, Senior J.); *Cannizzaro v. University of Texas Southwestern Medical Center*, No. 3:97-CV-2961-G, 1998 WL 289264, at *1

(N.D. Tex. May 21, 1998) (Fish, J.) ("Southwestern, a state institution, clearly enjoys sovereign immunity from suit. . ."); *Nassar v. University of Texas Southwestern Medical Center*, No. 3:08-CV-1337-B, 2010 WL 11565530, at *5 (N.D. Tex. Feb. 5, 2010) (Boyle, J.) (concluding that UTSMC is an arm of the state entitled to Eleventh Amendment immunity); *Turner v. University of Texas Southwestern Medical Center at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007) (Lindsay, J.) (concluding that UTSMC is an arm or instrumentality of Texas); *Estate of Hernandez v. United States*, No. 3:12-CV-4859-M, 2013 WL 3579487, at *1 (N.D. Tex. July 15, 2013) (Lynn, J.) (concluding that UTSMC is entitled to sovereign immunity as an arm of the state). Accordingly, because Daniel has failed to establish that the Eleventh Amendment immunity belonging to UTSMC as an arm of the state has been abrogated by either Title I or Title V of the ADA, her complaint must be **DISMISSED** with prejudice.

     SO ORDERED.

April 22, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**